**PONTIAC COMMERCIAL & SAVINGS BANK v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5361.

Circuit Court of Appeals, Sixth Circuit.

June 28, 1930.

W. C. Magathan, of Washington, D. C. (J. Marvin Haynes, of Washington, D. C., Robt. H. Montgomery, of New York City, and Thos. G. Haight, of Jersey City, N. J., on the brief), for petitioner.

Helen Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and Percy S. Crewe, all of Washington, D. C., on the brief), for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Petition by Pontiac Commercial & Savings Bank to review the decision of the Board of Tax Appeals affirming the action of the Commissioner of Internal Revenue in assessing, on redetermination, deficiencies in income taxes against it in the sum of $6,954.96 for 1920 and $7,690.50 for 1921. Pontiac Savings Bank had a capital of $500,000 and a surplus of approximately $100,000. First Commercial Bank of Pontiac had a capital of $200,000 and a surplus of approximately $90,000. On October 15, 1919, these banks agreed to and shortly did consolidate with a capital of $750,000 and a surplus of $150,000. This capital was contributed in the ratio of $2 by Pontiac Savings Bank to $1 by First Commercial Bank. Petitioner amended its charter, changed its name to Pontiac Commercial & Savings Bank, increased its capital stock to $750,000, and issued $250,000 of its stock to the stockholders of the First Commercial Bank in exchange for the stock of that bank. The assets of the First Commercial Bank were transferred to petitioner and thereupon the First Commercial Bank went out of existence. Its business has continued as a branch bank under the charter of petitioner. However, the merger agreement provided that the value of the assets of each bank be determined by a committee of three directors from each bank. It was further provided:

"2. That an appraisal of the real estate, furniture, fixtures, equipment and bond investments that have a fluctuating value be made in such manner as the committee of the directors, hereinabove mentioned, shall determine; *that the accrued interest item be not taken into consideration* as each institution does not credit interest on its loans until paid, and the dates of paying interest on savings account are the same; the notes and discounts to be taken over at face value, except such items thereof as are excepted and disapproved by the said committee of directors, above mentioned." (Italics ours.)

It was further provided:

"4. All of the notes and mortgage investments of each institution shall be taken over by the consolidated institution at face value. * * * *"

Among the assets acquired by petitioner from the First Commercial Bank were certain interest-bearing securities upon which interest not yet due or payable had accrued at the date of the merger in the sum of $43,068.59. These interest items were collected by petitioner in the year 1920, and petitioner kept its accounts and made its tax returns upon the cash receipt and disbursement basis. The commissioner determined that this interest so collected constituted income to petitioner upon which he made a tax assessment as above indicated. Petitioner appealed to the Board of Tax Appeals and insisted that these items were not taxable income but represented invested capital. The board confirmed the decision of the commissioner, and we concur.

The securities in question were "tangible property" (Revenue Act 1918, c. 18, 40 Stat. 1057, 1091, § 325(a) and the accrued interest at the time of the transfers being incidental to the securities themselves should also be regarded as "tangible property," and the actual cash value thereof, if the securities and accrued interest had been accepted by petitioner for its stock, might be regarded as "invested capital" (Revenue Act 1918, c. 18, 40 Stat. 1092, § 326(a), par. 2). But petitioner's difficulty is, assuming as did the Board of Tax Appeals that the effect in fact of the merger agreement was that petitioner acquired these securities for its stock, it yet remains that the accrued interest upon the securities was specifically omitted in determining the capital furnished. This was done by agreement as above shown, and the parties were competent to agree as to what should constitute the new capital structure. This interest having been assigned to petitioner, and yet having been omitted from the capital account, when collected by petitioner necessarily became income to petitioner just as it would have been to the Pontiac Savings Bank if collected before the transfer of the securities. These interest items when collected fell within the term "gross income" as defined in section 213(a), Revenue Act 1918,

40 Stat. 1065. We do not think it can avail petitioner that the interest accrued while the securities were in the hands of its transferors. See Taft v. Bowers, 278 U. S. 478, 482, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362. It was no less income when collected by the united bank than it would have been if collected by one of the units thereof before the consolidation. Cases cited to the effect that income such as profits, commissions, etc., earned during the life of a decedent but not due or payable at his death, are not taxable as income when collected, are not particularly helpful. There is no analogy between the status of the estate of a decedent and the situation presented here.

On April 18, 1921, petitioner and the Oakland County Savings Bank agreed to and shortly thereafter did consolidate. This merger was accomplished by substantially the same method, procedure, and agreement, as above indicated in the case of the Pontiac Bank and the Commercial Bank. A recitation of details would be superfluous. It is enough to say that the new bank thus organized was to have a capital of $1,000,000 and a surplus of $200,000 to be contributed in the ratio of $3 by petitioner to $1 by the Oakland Bank, and that among the assets acquired by petitioner from the Oakland Bank were securities upon which interest, not yet due and payable, had accrued in the sum of $40,641.54, which interest petitioner collected in the year 1921 and upon which as income the Commissioner assessed a tax. The determinative facts being substantially the same as in the case of the consolidation of the Pontiac Savings Bank and First Commercial Bank, the same result follows.

The decision of the Board of Tax Appeals is therefore in all things affirmed.